```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,      )    CRIM NO. 21-00095 SOM
                               )
          Plaintiff,           )    ORDER DENYING MOTION TO
                               )    DISMISS INDICTMENT
     vs.                       )
                               )
HANNAH HEART and SOOK YOUNG    )
JUNG,                          )
                               )
          Defendants.          )
_____)
```

**ORDER DENYING MOTION TO DISMISS INDICTMENT**

**I.      INTRODUCTION.**

On July 15, 2021, a grand jury indicted Defendants Hannah Heart and Sook Young Jung.  See ECF No. 1.  Count 1 of the Indictment asserts that Heart and Jung intentionally and knowingly conspired to defraud the United States in violation of 18 U.S.C. § 371 by filing with the IRS federal income tax returns that claimed fraudulent refunds.  Counts 2 and 3 charge Heart and Jung with having willfully made and subscribed false tax returns in violation of 26 U.S.C. § 7206(1).  Count 4 charges Heart and Jung with having engaged in a monetary transaction in property derived from specified unlawful activity in violation of 18 U.S.C. § 1957 through a knowing scheme to defraud the United States.  Counts 5 through 15 similarly charge Jung with violations of 18 U.S.C. § 1957.

Multiple counsel have been appointed to represent Heart.  Ultimately, however, Heart decided to represent herself

and, on September 5, 2023, filed the present motion to dismiss the Indictment, arguing that she lacked the necessary mens rea to support a conviction with respect to each of the counts in the Indictment. The court denies that motion without a hearing because Heart cannot challenge the sufficiency of the Indictment through pretrial assertions that she lacked the necessary mens rea when the mens rea for each alleged crime was alleged in the Indictment.

**III.     ANALYSIS.**

Rule 12(b) of the Federal Rules of Criminal Procedure allows the consideration at the pretrial stage of any "defense . . . that the court can determine without a trial on the merits." "'A motion to dismiss is generally capable of determination before trial if it involves questions of law rather than fact.'" *United States v. Kelly*, 874 F.3d 1037, 1046 (9th Cir. 2017) (quoting *United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993)).

"An indictment is sufficient if it contains the elements of the charged crime in adequate detail to inform the defendant of the charge." *United States v. Kaplan*, 836 F.3d 1199, 1216 (9th Cir. 2016). In determining whether an indictment is sufficient, courts examine whether it adequately alleges the elements of the offense and fairly informs the defendant of the charge, not whether the Government can prove its case. *Id.* In

determining whether an indictment charges a cognizable offense, courts must accept the truth of the allegations in the indictment and must not consider evidence that does not appear on the face of the indictment.  *Kelly*, 874 F.3d at 1047.  A defendant may not challenge an indictment that is sufficient on its face on the ground that the allegations are not supported by adequate evidence.  In other words, a motion to dismiss indictment may not be used as a device for summary trial of the evidence.  *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996).

Heart's motion to dismiss is an improper factual challenge to the mens rea alleged in the Indictment with respect to each count.  Heart asks this court, rather than the trier of fact, to determine that Heart lacked the necessary mens rea to support the charges.  Her challenge relies on her own factual assertions, which are not contained within the four corners of the Indictment.  Heart may not seek dismissal of the Indictment based on such a factual challenge.  Her motion appears to misunderstand the role of a motion to dismiss in a criminal case, and the limits on such a motion.  Accordingly, her motion to dismiss Indictment is denied.

**V.     CONCLUSION.**

Heart's motion to dismiss the Indictment is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 6, 2023



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*United States of America v. Heart, et al*; Crim. No. 21-00095 SOM; ORDER DENYING MOTION TO DISMISS INDICTMENT